UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                               CASE NO.: 3:18-cr-89-J-34JRK

REGINALD BROWN
_____/

**MOTION TO STRIKE SURPLUSAGE AND MEMORANDUM OF LAW**

The Defendant, Reginald Brown, by and through the undersigned attorney pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure and the Fifth Amendment of the U.S. Constitution, respectfully moves this Honorable Court to strike the following language from the Indictment as surplusage. As grounds for this motion, Defendant states as follows:

1. Reginald Brown and Katrina Brown are charged in a multi-count Indictment returned May 23, 2018. Count One charges each with conspiracy to commit mail and wire fraud in violation of Section 18 U.S.C.§1349. Counts Two through Fourteen charge each with substantive counts of mail fraud in violation of U.S.C. §1341 and §2. Counts Fifteen through Twenty-Seven charge each with substantive counts of wire fraud in violation of 18 U.S.C. §1343 and §2. Counts Twenty-Eight through Thirty-Three charge each with substantive counts of money laundering in violation of 18 U.S.C. §1957 and §2. Mr. Brown alone is charged with a failure to file a 1040 tax form in Count 38.

2. The essence of the wire fraud, mail fraud, and money laundering allegations are that Reginald Brown and Katrina Brown concocted a scheme to defraud certain lenders of funds intended to finance a separate business venture of Katrina Brown and others. The business venture was the production and distribution of a highly regarded barbecue sauce

perfected by Katrina Brown's father.

3. The first section of the Indictment is styled general allegations. The Government chronicles the evolution of this business venture by Katrina Brown's family and it's financing over the first 31 paragraphs of the Indictment.

4. Paragraph 9 provides as follows:

"On May 24, 2011, the Jacksonville City Council voted 14-3 to pass and enact Ordinance 2011-290-E, which approved a loan ($380,000) and grant (up to $260,000) from the COJ Northwest Jacksonville Economic Development Fund (NWJEDF) for the benefit of KJB Specialties. The loan money was ultimately used to help purchase a manufacturing facility located at 5638 Commonwealth Avenue, Jacksonville, Florida (Commonwealth warehouse). The grant money was supposed to help create fifty-six (56) permanent jobs in the northwest area of Jacksonville. REGINALD BROWN voted in favor of the Ordinance."

5. Reginald Brown was a member of the Jacksonville City Council. The evidence will show he customarily voted in favor of any business project in the northwest part of Jacksonville that did not involve the sale of alcoholic beverages or permit gambling related activities. He voted for Ordinance 2011-290-E as did an overwhelmingly majority of the City Council members.

6. The conspiracy between Reginald Brown and Katrina Brown is not alleged to have started until late in 2013. The evidence is unclear whether Mr. Brown and Ms. Brown even knew each other in May 2011.

7. Mr. Brown contends the last sentence of paragraph 9 specifically, that Reginald Brown voted in favor of the ordinance is immaterial and irrelevant to the charges in the Indictment. One inference from the reference to Mr. Brown in this sentence is that he was working with Katrina Brown and her family from 2011. There is simply no evidence to support this inference. It is prejudicial to Mr. Brown. This sentence should be stricken.

## MEMORANDUM OF LAW

Rule 7(d) of the Federal Rule of Criminal Procedure provides "upon the Defendants motion, the court may strike surplusage from the indictment or information." The intent of the rule is "to protect a Defendant against prejudicial allegations that are neither material to the charges made in the indictment or not essential to the charge." *United States v. Miller*, 2008 U.S. Dist. Lexis 125681 (ND Ga. 2008). See also *United States v. Bissell*, 866 F.2d 1343 (11th Cir. 1989).

Mr. Brown's vote on the ordinance is not material or essential to the charge. The inferences are prejudicial. The sentence should be stricken from the Indictment.

WHEREFORE, the Defendant, Reginald Brown, for the above-mentioned reasons respectfully moves this Honorable Court to grant this motion.

Respectfully submitted,

***S:// Thomas M. Bell***
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
Attorney for Reginald Brown

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2018, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to A. Tysen Duva, AUSA and Michael Coolican, AUSA and Darcy Gaynor.

S:// Thomas M. Bell
THOMAS M. BELL