UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                         CASE NO.: 3:18-cr-89-J-34JRK

REGINALD BROWN
_____/

**MOTION TO SEVER THE TRIAL OF REGINALD BROWN
FROM THE TRIAL OF KATRINA BROWN AND MEMORANDUM OF LAW**

The Defendant, Reginald Brown, by and through the undersigned attorney, pursuant to Rules 12(b) and 14 of the Federal Rules of Criminal Procedure and the Fifth Amendment of the U.S. Constitution respectfully moves this Honorable Court to sever his trial from that of Katrina Brown's.  As grounds for this motion, Defendant states as follows:

1.      Reginald Brown and Katrina Brown are charged in a multi-count Indictment returned May 23, 2018.  Count One charges each with conspiracy to commit mail and wire fraud in violation of 18 U.S.C.§1349. Counts 2 through 14 charge each with substantive counts of mail fraud in violation of U.S.C. §1341 and §2. Counts 15 through 27 charge each with substantive counts of wire fraud in violation of 18 U.S.C. §1343 and §2. Counts 28 through 33 charge each with substantive counts of money laundering in violation of 18 U.S.C. §1957 and §2.  Mr. Brown alone is charged with a failure to file a 1040 tax form in Count 38.

2.      The essence of the wire fraud, mail fraud, and money laundering allegations are that Reginald Brown and Katrina Brown concocted a scheme to defraud certain lenders

of funds intended to finance a separate business venture of Katrina Brown and others. The business venture was the production and distribution of a highly regarded barbecue sauce perfected by Katrina Brown's father. Nowhere in the 61-page Indictment does the Government identify what it is Reginald Brown did to knowingly and willfully conspire to devise a scheme to obtain money by false pretenses, representations, or promises. Little mention is made in the Indictment that a significant amount of the money purportedly obtained by fraud was deposited into Katrina Brown's separate business venture and then used to pay expenses such as the principal and interest on the loan to the lender who was purportedly the object of the scheme to defraud.

3. The Indictment does specifically allege that Katrina Brown makes a number of false representations for purposes of obtaining money from a lender. For example, specific acts of misrepresentations are alleged against Ms. Brown in paragraphs 36, 37, 38, 39, 45, 63, 64, 70, 74, 78, 83, 89, 90, 95, 96, 101, 106, 111, 116, 121, 125, 126, and 131 of the Indictment. Virtually all of these paragraphs include language to the effect that on or about a certain date Katrina Brown emailed a false and fraudulent invoice to a purported financial institution in order to induce it to release funds.

4. Meanwhile, the Indictment as to Reginald Brown alleges a number of acts which individually and cumulatively can be characterized as routine acts related to everyday business activity. Examples of this behavior are described in paragraphs 40, 41, 50, 52, 65, 66, 67, 68, 72, 73, 77, 80, 81, 86, 93, 98, 99, 104, 105, 109, 114, 119, 128. Nowhere is it alleged how, if at all, Reginald Brown, knowingly aided and abetted or had any knowledge of the mail fraud described in Count 13.

5. Broken down to its basic components, the United States artfully manages to charge three distinct crimes out of the series of acts related to Katrina Brown's purported misrepresentations to the lender. The mail fraud charges are related to the checks issued by the lender, the wire fraud counts are based on the financial institutions transfer of funds after the checks are deposited pursuant to the purported mail fraud and lastly, the money laundering charges are based on the act of transferring the funds obtained as a result of Katrina Brown's alleged misrepresentations back to Ms. Brown's separate business venture.

6. Virtually all of the evidence in this case will focus on whether Katrina Brown made material misrepresentations to financial institutions as alleged. As to Reginald Brown, the United States appears to simply hope its widely cast net ensnares people like him who associated with Katrina Brown and who, perhaps naively, relied on her purported business acumen.

7. Mr. Brown respectfully submits the spillover effect of the evidence as to Katrina Brown unfairly prejudices him. There is no direct evidence Reginald Brown had any knowledge of any misrepresentations Katrina Brown may or may not have made to lenders. He never willfully agreed to commit a crime. He never knowingly aided and abetted any criminal conduct that may or may not have been committed by Katrina Brown. Accordingly, the trials of these two presumptively innocent individuals should be severed.

## **MEMORANDUM OF LAW**

Rule 8 of the Federal Rules of Criminal Procedure generally provides an "Indictment or information may charge two or more Defendants if they are alleged to have participated in the same acts or transactions, constituting an offense or offenses…." Rule 14, on the other hand, provides in part, "if the joinder of offenses or Defendants in an indictment, and information or a consolidation for trial appears to prejudice a Defendant… the Court may order separate trials of counts, sever the Defendants' trials, or provide any other relief that justice requires". The due process clause of the Fifth Amendment to the United States Constitution is implicated where a joint trial compromises a specific trial right of one of the Defendants or prevents the jury from making a reliable judgment of guilt. See *Zafiro v United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2nd 317 (1993).

The 11th Circuit has construed *Zafiro* to mean "there are only two circumstances in which severance is the only permissible remedy." *US v. Blankenship,* 382 F.3d 1110 (11th Cir. 2004)*.* As the court interpreted *Zafiro's* Rule 14 test, those circumstances are "where a joint trial leads to the denial of a constitutional right" and where "serious risk that the jury would be prevented from making a reliable judgment of guilt or innocence." Id at 1123. An example of a District Court finding that the spillover effect of evidence of a series of counts unfairly prejudiced the Defendant's right to a fair trial on a separate set of counts is found at *US v. Hassoun*, 477 F. Supp. 2d 1210 (S.D. Fla. 2007).

The District Court severs a series of counts charging Mr. Hassoun with perjury and false statements from a series of charges related to the material support for terrorism. Id at 1212. After an extended discussion of the relationship between the false statement counts

and the substantive counts, the Court finds "severing a falsity counts negates the problem and ensures a fair trial free from spillover." Id at 1230. Ultimately, the Court concludes "Hassoun presents a compelling argument for why Rule 14 severance is appropriate in this case" and severs six counts from the others. Id at 1232.

The defense in this case is if Katrina Brown committed any crimes as charged in the Indictment, Reginald Brown did not know it and did not knowingly participate in those crimes. This defense is completely antagonistic to her position. The joint trial will prevent Mr. Brown from presenting an individual defense or result in an inability to properly instruct the jury. Even if severance is not mandated, the Court should exercise its discretionary authority to sever the trials to assure him a fair trial.

WHEREFORE, the Defendant, Reginald Brown, for the above-mentioned reasons respectfully moves this Honorable Court to sever his trial from Katrina Brown's trial.

Respectfully submitted,

**S:// Thomas M. Bell**
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
Attorney for Reginald Brown

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2018, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to A. Tysen Duva, AUSA and Michael Coolican, AUSA and Darcy Gaynor.

S:// Thomas M. Bell
THOMAS M. BELL