UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO.: 3:18-cr-89-J-34JRK

REGINALD BROWN
_____/

## MOTION TO DISMISS COUNTS 15-33 OF THE INDICTMENT (MULTIPLICITY) AND MEMORANDUM OF LAW

The Defendant, Reginald Brown, by and through the undersigned attorney pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and the Fifth Amendment of the U.S. Constitution, respectfully moves this Honorable Court to dismiss Counts Fifteen through Thirty-three of the Indictment because those counts charge the same offense in more than one count (multiplicity). As grounds for this motion, Defendant states as follows:

1.     Reginald Brown and Katrina Brown are charged in a multi-count Indictment returned May 23, 2018.  Count One charges each with conspiracy to commit wire fraud in violation of Section 18 U.S.C.§1349.  Counts Two through Fourteen charge each with substantive counts of mail fraud in violation of U.S.C. §1341 and 2. Counts Fifteen through Twenty-seven charge each with substantive counts of wire fraud in violation of 18 U.S.C. §1343 and §2. Counts Twenty-eight through Thirty-three charge each with substantive counts of money laundering in violation of 18 U.S.C. §1957 and §2. Mr. Brown alone is charged with a failure to file a 1040 tax form in Count 38.

2.     The essence of the wire fraud, mail fraud, and money laundering allegations is that Reginald Brown and Katrina Brown concocted a scheme to defraud certain lenders

of funds that were intended to finance a separate business venture of Katrina Brown and her parents.  The business venture was the production and distribution of a highly regarded barbeque sauce perfected by Katrina's Brown's father.

3. The Government's theory of this scheme is described in the general allegations and conspiracy portions of the Indictment. These sections span 131 paragraphs and 39 pages of the Indictment.  As the government explains it, the criminal episode (unit of prosecution) is based on a series of draws, for example draw 57(b), issued by the lender Biz Capital. The United States artfully manages to charge three distinct sets of substantive crimes from the scheme outlined in the conspiracy charge. According to the Government, Katrina Brown makes a series of misrepresentations to the lender to help keep her family's struggling business venture afloat. The lender, based on Katrina Brown's claims, then mails a check to a business associated with Reginald Brown.  This produces substantive Counts Two through Fourteen (except 13). Either Katrina Brown or Reginald Brown then deposits the check into a bank account associated with one of the businesses associated with Reginald Brown.  Pursuant to banking protocol, funds are wired between the various financial institutions which results in Counts Fifteen through Twenty-seven of the Indictment. Later, Mr. Brown is alleged to have deposited funds received from a lender to one of the two accounts held by Katrina Brown's family business venture where a significant portion of those funds are used to pay business expenses such as the principal and interest on the loan to Katrina Brown's family business venture. This series of transfers produces the money laundering counts described in Counts Twenty-eight through Thirty-three.

4. Mr. Brown submits prosecution of the wire fraud and money laundering

counts on the facts of this case constitutes charging the same offense in more than one count. These charges violate not only the rule against multiplicity but also potentially exposes Mr. Brown to multiple punishments for the same conduct in violation the double jeopardy clause of the Fifth Amendment of the United States Constitution. Charging Mr. Brown in more than one count for the same conduct prejudices him in his defense in this case.

## **MEMORANDUM OF LAW**

The Eleventh Circuit law on multiplicity is best summarized in the case *US v. Langford*, 946 F.2d 798 (11th Cir. 1991). In a panel which included recently retired Associate Supreme Court Justice Lewis Powell, the tribunal considered "whether the use of multiple mailings as instruments of interstate commerce in furtherance of a conspiracy to defraud a purchaser of securities can form the basis for multiple counts of an indictment under the provisions of 15 U.S.C. §§78(j)(b), 78ff and Rule 10.5." Id at 799. The Court ultimately concluded that it was error to prosecute and convict the defendant of "three counts of securities fraud based on the same scheme to defraud and on the same purchase of securities…" Id at 804. However, in the Court's view, because principal danger of multiplicity counts was multiple sentences and the district court judge imposed concurrent sentences, the Court held "the multiplicity of counts in this case to be harmless error." Id at 805.

The *Langford* opinion tells us "multiplicity is the charging of a single offense and more than one count." Id at 802. (internal quotations omitted). The two dangers of multiplicitous counts are "the Defendant may receive multiple sentences for the same

offense and [and] a multiplicitous indictment may improperly prejudice a jury by suggesting that the Defendant has committed several crimes not one." Id.

In *Langford*, the Court did distinguish the securities fraud statute 15 U.S.C. §§78j(b), 78ff and Rule 10.5 from the mail fraud statute at 18 U.S.C. §1341. Id.  However, the Court in doing so did caution "we believe that Langford (who contended Congress and intended to permit punishment for each mailing under §1341) as well as the Government, misreads the statute, but his claim that the Indictment is multiplicitous is nonetheless meritorious." Id at 805.

Over the last 30 years, it appears that multiplicitous challenges have largely been subsumed by the understanding that the double jeopardy test articulated by *Blockburger v. the United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L.Ed. 306 (1932), controls the analysis. The Blockburger test, of course, is "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact that the other does not." Id at 304.  *Blockburger* is a rule of statutory construction or to assist in determining whether Congress intended multiple punishments.

Mr. Brown contends that the Blockburger test should not control the analysis of whether counts in an indictment are multiplicitous.  If so, then the concept of multiplicity no longer exists and Rule 12(b)3 is superfluous.

The first order of business for assessing multiplicitous counts is to determine the "unit of prosecution". *Langford* at 802.  Mr. Brown contends the unit of prosecution or episode in this case is the fraud related to the inducement to generate the draw from the lender. Mailing a check, depositing a check into an account and having funds wired to fund

4

the check, and then transferring those funds into a different account are all part of the same episode or unit of prosecution (scheme to defraud).

The Fifth Amendment of the United States Constitution provides "nor shall any person be subject to the same offense twice put in jeopardy or of life." Historically, this clause was understood to prohibit multiple prosecutions and punishment for the same act or transaction. While Mr. Brown is certainly concerned that the overlapping charges for the same essential conduct risks multiple punishments and violates the double jeopardy clause, that concern alone or its resolution under *Blockburger*, does not resolve the multiplicitous issue.

Mr. Brown is concerned now with the second danger of multiplicitous counts. It is the jury being improperly prejudiced by the suggestion that he committed multiple crimes as a result of the same act or transactions. While he steadfastly maintains he did not commit any crime at all, the Court should not permit the United States to relabel the same conduct under three separate statutory provisions. Not only does this relabeling unnecessarily prejudice Mr. Brown in the eyes of the jury, it causes an immense waste of time and energy for everyone concerned, including the Court and the parties who must provide jury instructions and verdict forms to say nothing of the time and energy required by the jury to assess the evidence and elements of each offense and deliberate a verdict.

Mr. Brown respectfully moves the Court to dismiss Fifteen through Thirty-three of the Indictment.

WHEREFORE, the Defendant, Reginald Brown, for the above-mentioned reasons respectfully moves this Honorable Court to grant this motion.

Respectfully submitted,

***S:// Thomas M. Bell***
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
Attorney for Reginald Brown

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2018, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to A. Tysen Duva, AUSA and Michael Coolican, AUSA and Darcy Galnor.

S:// Thomas M. Bell
THOMAS M. BELL