FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2022 MAY -2 PM 1:33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

V.

Case No. 3:18-cr-89-MMH-MCR

REGINALD BROWN

**DEFENDANT'S MOTION FOR RECONSIDERATION FOR FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSET**

The Defendant, Reginald Brown, Pro Se, respectfully moves this Honorable Court to reconsider the following:

*Introduction of New Evidence:*

**Notice of Electronic Filing**
The following transaction was entered on 10/22/2020 at 11:54 AM EDT and filed on 10/22/2020
**Case Name:**      USA v. Brown et al
**Case Number:**    3:18-cr-00089-MMH-JRK
**Filer:**
**Document Number:** 414

**Docket Text:**
**ORDER granting [409] Motion to Adopt as to Reginald Brown (2); deeming adopted by Reginald Brown [408] Response in Opposition to United States' Motion for Order of Forfeiture filed by Katrina Brown, as subsequently amended [413] on October 21, 2020. Signed by Magistrate Judge James R. Klindt on 10/21/2020. (KAW)**

1. Order dated March 4, 2022, states that Ms. Valerie Linnen, court appointed attorney points out that the amount of forfeiture was not raised in the direct appeal because no objection was made at sentencing (Doc. 532 at 2 n. 1)

2. There were several communications exchanged by email between the defendant and Valerie Linnen, assigned court appointed attorney during the defendant's period of the incarceration at Jesup Federal Correctional Institution. The Federal Bureau of Prison maintain all communications by inmates for review.

1

3. Order dated April 21, 2022 states "Brown did not contest the forfeiture judgment on appeal and the Court has no power to impose a stay of forfeiture now." ***It was Ms. Valerie Linnen, court appointed attorney fiduciary duty to contest forfeiture since it was contested during the sentencing hearing.*** Order granting (409) Motion to Adopt as to Reginald Brown (2); deeming adopted by Reginald Brown (408) Response In opposition to United States Motion for Order of Forfeiture filed by Katrina Brown, as subsequently amended (413) on October 21, 2020. **Signed by Magistrate Judge James R. Klindt on October 21, 2020.**

4. Rule 32.2(d) does not authorize a district court to stay an order of forfeiture. Hence, Mr. Brown is without "The Right to Due Process" if he is denied the opportunity to address the forfeiture judgment that Ms. Valerie Linnen, court appointed attorney failed to raise on appeal dispositive precedent that would have resulted in a lower forfeiture, Honeycutt v. United States.

5. Failure to Raise the defendants right to appeal the forfeiture with the 11th Court of Appeals resulted in an outcome that deprived the defendant of justice.

6. This request is under the framework of equitable grounds. This stay should include but not limited to the ancillary proceedings, appeal is finally resolved, and the 2255 process. Hence, the only fairness and justice way to ensure the defendant constitutional Rights i.e., 5th and 6th Amendment is not violated is temporary stop the seizing of the said property. In the event the defendant prevails during the Ineffective Counsel/2255 process, the moving forward without allowing the Due Process Clause to matriculate will leave the defendant without recourse subject to unnecessary hardship.

7. Hence, I maintain the defendant is entitled to his Fifth Amendment Rights throughout the entire legal process. The federal government guarantees that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states.

8. Mr. Bell, court appointed attorney informed the Probation Officer, Irish Anderson that they could start the loss at $265,000 but could not explain to Mr. Brown how he arrived there. Mr. Brown demonstrated opposition verbally. Additionally, Mr. Bell failed to utilize the court assigned accountant, Timothy H. Myers, CPA as instructed by Judge Klindt. Mr. Bell never scheduled a meeting with Reginald Brown and the court assigned accountant.

9. Finally, I have provided new evidence that affirms the failure to raise opposition of forfeiture with the 11th Circuit Court of Appeals was by the court assigned attorney, Valerie Linnen, Esq. The defendant's attorney opportunity to raise the issue of

2

opposition of forfeiture was neglected after several request by the defendant. Valerie Linnen has the emails in her possession to verify the requests by the defendant on more than one occasion. More importantly, Mr. Bell knew or should have known that it is critically important to challenge restitution/forfeiture amounts while you're in federal district court. Attempting to challenge a government's case in a case that involves restitution and, or forfeiture without obtaining your own forensic accountant will afford the prosecutor not to be challenged. Subsequently, the jury only had the government's position as it related to the amount of forfeiture by the defendant. Hence, I was forced to preserve my opposition of forfeiture with attorney, Alan Ceballos, Esq. that was not appointed by the government. This was my only opportunity raise opposition with the forfeiture presented by the government. All other opportunities were rejected by both courts appointed attorney's, Valerie Linnen, esq. and Thomas Bell, esq.

10. *For these reasons, for fairness and justice to prevail for the defendant we must take a closer look at the new evidence presented. In addition, to preserve his constitutional rights both the 5th and 6th amendment, he shall be granted the opportunity to address the 11th Circuit Court of Appeals with the preserved opposition to forfeiture because the filing of form 2255, Ineffective Counsel is not an available option to address opposition of forfeiture.*

11. Pursuant to Local Rule 2.02©(1)(B)(ii), Mr. Brown may be contacted as follows:

        **REGINALD BROWN**
        **6167 BASSANOVA COURT**
        **JACKSONVILLE, FLORIDA 32209**
        reginaldlbrown@yahoo.com

        RESPECTFULLY SUBMITTED,

        REGINALD L. BROWN, pro se
        6167 Bassanova Court
        Jacksonville, Florida 32209
        reginaldlbrown@yahoo.com
        (904)444-2588

## CERTIFICATE OF SERVICE

I hereby certify on May 3, 2022, I electronically filled the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filling were sent by United States Mail/Hand Delivered on May 3, 2022 to Mai Tran, Assistant United States Attorney.

Assistant United States Attorney
Mai Tran
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202

RESPECTFULLY SUBMITTED,

REGINALD L. BROWN, pro se
6167 Bassanova Court
Jacksonville, Florida 32209
reginaldlbrown@yahoo.com
(904)444-2588